The levy is returned strictly in compliance with the act of Assembly which directs that the constable shall set forth what lands he levied on, where situate, on what water-course, and whose land it adjoins. Rev. Stat., ch. 62, sec. 16. That was done literally in this case; and, looking to the return alone, there is no ambiguity in the description, nor any room to doubt that by it the land could be identified so that the sheriff could tell what land he was to sell and bidders also understand what they were buying, which are the objects of the statute in requiring the particularity of description prescribed. *Page 255 
This return must be sustained, for it follows the very words of (364) the act. The land is situate in Mecklenburg County, lies on Sugar Creek, and adjoins the land that belonged to Robert Watson, lately deceased. It is true, as was observed in Smith v. Low, 24 N.C. 458, a levy, though returned in the precise words of the act, may require extrinsic evidence to identify the land, as, indeed, may be the case with the most accurate description in a deed. Here, for example, an ambiguity not appearing on the return was raised by evidence dehors that there were three Sugar creeks in Mecklenburg. But that cannot absolutely avoid the levy and return, which conform to the statute. It only made it necessary that evidence should be given which would connect the return with one of those creeks, and make it appear on which of them the land, according to the description in the return, must lie. This was completely done by proving that the Watson land, which is called for in the return, lies on a particular branch of the creek, and that Watson had no other land, and that this tract in fact adjoined that one of Watson's How better evidence could be given to show on which of the streams the land lies, or to identify the parcels levied on and sold, it is difficult to conceive.
PER CURIAM. Reversed.
Cited: Hillard v. Phillips, 81 N.C. 105.
(365)